IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID O. OLIVER, #285 230, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:13-CV-5-TMH |
| | )               [WO] |
| ELMORE COUNTY JAIL, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, filed this 42 U.S.C. § 1983 action on December 10, 2012.  He complains that during his incarceration at the Elmore County Jail he was subjected to unconstitutional conditions of confinement. Plaintiff names as defendants the Elmore County Jail, Warden Robert Henline, Spv Richardson, Sheriff Bill Franklin, and Sue Roberts.  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Elmore County Jail prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  DISCUSSION**

*A.  The Elmore County Jail*

The Elmore County Jail is not a  legal entity and, therefore, is not subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to

be dismissed. *Id.*

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Elmore County Jail be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The Elmore County Jail be DISMISSED as a party to this complaint; and

3.  This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before **April 5 , 2013** Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 18th day of March 2013.

                      /s/Terry F. Moorer
                      TERRY F. MOORER
                      UNITED STATES MAGISTRATE JUDGE